# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WADE BUSH,<br><br>            Plaintiff,<br><br>    v.<br><br>JAMES A. YATES, et al.,<br><br>            Defendants. | CASE NO. 1:06-cv-01904-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED AS PREMATURE<br><br>(Doc. 12) |

      Plaintiff Wade Bush ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 25, 2007, plaintiff filed a motion seeking a preliminary injunction requiring defendants to provide plaintiff with treatment for his broken hand.

      The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

///

demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

This action involves the allegation that defendants have not provided plaintiff with medical treatment for his broken hand, and plaintiff is seeking a court order requiring them to do so. However, in a separate order, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Until (1) plaintiff files a complaint which states a cognizable claim for relief under section 1983, and (2) one or more defendants have been served with process and made an appearance in this action, the court lacks jurisdiction to issue an order directing defendants to provide plaintiff with medical care. Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). For this reason, plaintiff's motion is premature at this stage, and the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed April 25, 2007, be DENIED, without prejudice to re-filing at the appropriate juncture.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 3, 2007**                               /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE