1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WADE BUSH,

11           Plaintiff,                    1:06-CV-01904 ALA P

12       vs.

13   JAMES A. YATES, et al.,

14           Defendants.                   <u>ORDER</u>

15   _____/

16       Plaintiff Wade Bush is a state prisoner proceeding pro se and in forma pauperis in this

17   civil rights actions pursuant to 42 U.S.C. § 1983.  On June 7, 2007, Plaintiff filed a first amended

18   complaint.  On December 6, 2007, Plaintiff filed a motion requesting that this court order

19   Plaintiff's first amended complaint to be served on Defendants.

20       The Federal Rules of Civil Procedure provide that a party may amend his or her pleading

21   "once as a matter of course at any time before a responsive pleading is served."  FED. R. CIV. P.

22   15(a).  However, an amended or supplemental complaint supersedes the original complaint.  *See*

23   *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended pleading is filed, the original

24   pleading no longer serves any function in the case.  *Id.*; *see also* E.D. Local Rule 15-220.

25   Plaintiff's original complaint is therefore dismissed.

26       Pursuant to 28 U.S.C. § 1915A(a), when the litigant is a prisoner, the court must screen

complaints brought against a governmental entity or officer or employee of a governmental entity. The Court must dismiss the complaint if the claims contained in it, even when read broadly, are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b). A claim "is frivolous [if] it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "At this stage of the litigation, [this Court] must accept [Plaintiff's] allegations as true." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.*

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cr. 2006).

Plaintiff has filed a forty-four page first amended complaint against eighteen named defendants, twenty-five "doe" defendants and which contains ten claims for relief. Such a complaint is in violation of the Federal Rules of Civil Procedure, Rule 8, which requires that Plaintiff use "short and plain" statements and that the complaint be "simple, concise, and direct." FED. R. CIV. P. 8(a)–(e).

To proceed, Plaintiff must file an amended complaint. Any amended complaint shall not exceed twenty (20) pages. Additionally, any amended complaint must show that the federal court has jurisdiction and that Plaintiff's action is brought in the right place, that Plaintiff is entitled to relief if Plaintiff's allegations are true, and must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving Plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes

1  the alleged deprivation).  If Plaintiff contends he was the victim of a conspiracy, he must identify

2  the participants and allege their agreement to deprive him of a specific federal constitutional

3  right.

4        In an amended complaint, the allegations must be set forth in numbered paragraphs.  FED.

5  R. CIV. P. 10(B).  Plaintiff may join multiple claims if they are all against a single defendant.

6  FED. R. CIV. P. 18(a).  If Plaintiff has more than one claim based upon separate transactions or

7  occurrences, the claims must be set forth in separate paragraphs.  FED. R. CIV. P. 10(b).

8        The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d

9  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10 heightened pleading standard in cases other than those governed by Rule 9(b)."); FED. R. CIV. P.

11 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

12       Plaintiff's claims must be set forth in short and plain terms, simply, concisely and

13 directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting

14 point of a simplified pleading system, which was adopted to focus litigation on the merits of a

15 claim."); FED. R. CIV. P. 8.

16       Plaintiff must eliminate from Plaintiff's pleading all preambles, introductions, argument,

17 speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible

18 defenses, summaries, and the like.  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996)

19 (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see Crawford-El*

20 *v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of

21 Civil Procedure is fully warranted" in prisoner cases).

22       A district court must construe pro se pleading "liberally" to determine if it states a claim

23 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give a plaintiff an

24 opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  However,

25 the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

26 the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell*

3

1   *Atlantic Corporation v. Twombly*, ___ U.S. ___, 127 S.Ct. 1995, 1965 (2007) (citations omitted).

2       The court (and defendant) should be able to read and understand Plaintiff's pleading

3   within minutes.  *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including many

4   defendants with unexplained, tenuous or implausible connection to the alleged constitutional

5   injury or joining a series of unrelated claims against many defendants very likely will result in

6   delaying the review required by 28 U.S.C. § 1915 and an order dismissing Plaintiff's action

7   pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

8       An amended complaint must be complete in itself without reference to any prior

9   pleading.  Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff

10  files an amended complaint, the original pleading is superseded.

11      Plaintiff is admonished that by signing an amended complaint he certifies he has made

12  reasonable inquiry and has evidentiary support for his allegations and that for violation of this

13  rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  FED. R.

14  CIV. P. 11.  Prison rules require Plaintiff to obey all laws, including this one, and Plaintiff may

15  be punished by prison authorities for violation of the court's rules and orders.  *See* 15 Cal.

16  Admin. Code § 3005.

17      A prisoner may bring no § 1983 action until he has exhausted such administrative

18  remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  *Booth*

19  *v. Churner*, 532 U.S. 731, 741 (2001).  Plaintiff is further admonished that by signing an

20  amended complaint he certifies his claims are warranted by existing law, including the law that

21  he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of

22  his action.

23      Therefore,  IT IS HEREBY ORDERED that:

24          1.  Plaintiff's December 29, 2006, complaint is dismissed;

25          2.  Plaintiff's June 7, 2007, first amended complaint is dismissed;

26          3.  Plaintiff is granted thirty-five (35) days to file a second amended complaint.

4

1 | Failure to file a second amended complaint will result in this matter being dismissed;

2 |           4.  Plaintiff is ordered to limit his second amended complaint to twenty (20)

3 | pages; and

4 |           5.  Plaintiff's December 6, 2007, motion for service of his first amended

5 | complaint is DENIED.

6 | /////

7 | Dated: December 12, 2007

8 |                            /s/ Arthur Alarcón
                           UNITED STATES CIRCUIT JUDGE

9 |                            Sitting by Designation